**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELIZABETH A. KUHNS and**
**JAY R. KUHNS,**

                **Plaintiffs,**

**v.**                                            **Case No. 8:06-cv-2343-T-23TBM**

**ZIMMER, INC.,**

                **Defendant.**

_____/

**O R D E R**

THIS MATTER comes before the court on the parties' stipulated **Protective Order**

(Doc. 14), which the court construes as a joint motion for entry of a protective order.  The

parties' stipulated Protective Order sets forth the process by which the parties agree to handle

all documents and material designated as "Confidential" or "Confidential - Subject to

Protective Order."

The Eleventh Circuit has held that the district courts may issue umbrella protective

orders to expedite the flow of discovery material and to protect the confidentiality of

documents.  See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989);

In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987).  For purposes of

discovery and preventing the parties from litigating the issue of confidentiality as to each

document, the parties' stipulation serves a useful purpose.  Therefore, with the exception of

the provisions for placing documents under seal, the court approves the parties' stipulated Protective Order (Doc. 14).

The provisions in Paragraph 8 of the stipulated Protective Order, which provide for the automatic sealing of documents covered by this order, are troubling to this court.

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985). This right extends to the inspecting and the copying of judicial records. See Nixon, 435 U.S. at 597.

The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest. See Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). When parties request an order restricting access to pleadings and evidence filed with the court, such a request must be subject to heightened scrutiny.

This court does not allow the automatic filing of documents under seal. In accordance with the policy of the Middle District of Florida, when a party seeks to file a document under seal, the court shall determine the matter upon motion by the party. See, e.g., United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla. 1989). The motion shall be in conformance with Local Rule 1.09, which sets forth the procedures to be followed when a party seeks to file motion to seal. See M.D. Fla. R. 1.09.

2

Accordingly, it is **ORDERED** that:

1)      The parties' construed joint motion for entry of a protective order (Doc. 14) is

**GRANTED**, and the parties' stipulated **Protected Order** (Doc. 14) is **APPROVED with the**

**exception** of those provisions requiring any material covered by this order and filed with the

court to be automatically filed under seal.

2)      For each document, object, or other material that the parties wish to file under

seal, they shall file a Motion to Seal in accordance with Local Rule 1.09.

**Done and Ordered** at Tampa, Florida, this 13th day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

3