**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ELIZABETH A KUHNS and
JAY R. KUHNS,**

     **Plaintiffs,**

**v.**                                             **Case No. 8:06-cv-2343-T-23TBM**

**ZIMMER, INC.,**

     **Defendant.**
_____/

**O R D E R**

THIS CAUSE is before the court on the following motions:

(1)     **Plaintiffs' Motion to Compel Better Answers to Plaintiffs' Requests for Admission** (Doc. 18) and Defendant's response (Doc. 23);

(2)     **Plaintiffs' Motion to Compel Better Answers to Plaintiffs' Interrogatories and Request to Produce** (Doc. 19) and Defendant's response (Doc. 25); and

(3)     **Plaintiffs' Motion to Remove Confidential Designation from Records, Motion for Leave to File Disputed Documents Under Seal** (Doc. 27) and Defendant's response (Doc. 31).

A hearing on these matters was conducted on June 7, 2007.

By their first motion (Doc. 18), Plaintiffs seek an Order striking Defendant's general objections to their Request for Admissions and directing Defendant to provide responsive answers to the same, specifically, those at Request Nos. 1-8 and 10. As grounds, Plaintiffs contend that Defendant's general objections, which are incorporated into its individual responses, are improper and result in their inability to ascertain the exact nature of Defendant's admissions. Defendant counters that its objections are proper and contemplated

by the Federal Rules of Civil Procedure; however, it agrees to withdraw the last paragraph of its general objections. It denies that its responses are vague and asserts that it provided complete and accurate responses based on the information it had readily available. At the hearing on this matter, the court was advised that Defendant has since provided a supplemental response to the Requests. As a result of the supplement and the representations made by the parties at the hearing, this motion has been resolved. Defendant does not contest its admissions as supplemented are in fact admissions and such may be relied upon and/or utilized in all future proceedings. Thus, the motion is DENIED as moot.

By their next motion (Doc. 19), Plaintiffs seek an Order striking Defendant's general and specific objections to their Interrogatories and Request to Produce and compelling Defendant to provide complete responses and production to the same. In particular, Plaintiffs seek better responses to Interrogatory Nos. 2, 4, 6, 7, and 8, and Request Nos. 1-6 and 9-15. Plaintiffs again urge that Defendant's general objections, which are incorporated into its individual responses, are improper. Defendant counters that its objections are proper. As grounds, Defendant states that Plaintiffs are not entitled to discovery on all joint-replacement bearing surfaces and other lawsuits involving other joint-replacement products because Plaintiffs have not established substantial similarity. At the hearing on the motion, the parties advised the court that Defendant has since provided supplemental responses to the discovery at issue, and the court was provided copies of such at that time. Accordingly, pending further consideration of those responses, the court DEFERS ruling on the instant motion.[1]

---

[1] As indicated at the hearing, Defendant shall investigate its response to Interrogatory No. 7, provide a supplemental response to Plaintiffs if indicated, and certify that such production is complete. Furthermore, to the extent that Defendant declined to produce documents (by way of its supplemental response) on the basis of the attorney-client privilege, it shall provide to Plaintiff a privilege log or sufficient notice to satisfy the requirements of

2

By their final motion (Doc. 27), Plaintiffs seek an Order directing Defendant to remove its designation of "confidential" placed on document nos. 124-25, 321-425, 445-48, 489-520, 793-96, 910-54, 1132-55, 1363-83, 1672-81, 1684-1737, and 2351-56.  By Plaintiffs' allegations, these documents include published medical articles, marketing materials disseminated to physicians, and historical memoranda.  Defendant counters that it has already produced most of the documents addressed by Plaintiffs.  Specifically, Defendant states that it has produced document nos. 321-416, 418-25, 445-88, 489-502, 507-18, 915-59, 1368-70, 1372-83, 1672-81, 1684-1737, and 2351-2356.  As such, Defendant urges the court to deny as moot this aspect of Plaintiffs' motion.  As for the others, Defendant argues that the documents should remain confidential and subject to the protective order because they include confidential business and trade secret information.  These documents include nos. 124-25, 417, 503-06, 519-20, 793-96, 910-14, 1132-55, 1363-67, and 1371.  (Doc. 31).  As indicated at the hearing, Plaintiffs may submit these documents under seal so that the court may conduct an *in camera* review, and any such submissions shall be filed within fifteen (15) days.  The court DEFERS ruling on the instant motion pending such a review.

**Done and Ordered** in Tampa, Florida, this 7th day of June 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

Rule 26(b)(5).