**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELIZABETH A KUHNS and**
**JAY R. KUHNS,**

      **Plaintiffs,**

v.                                                                        Case No. 8:06-cv-2343-T-23TBM

**ZIMMER, INC.,**

      **Defendant.**
_____/

**O R D E R**

THIS CAUSE is before the court on **Plaintiffs' Motion to Compel Better Answers to Plaintiffs' Interrogatories and Request to Produce** (Doc. 19) and Defendant's response (Doc. 25),[1] and **Plaintiffs' Amended Motion to Remove Confidential Designation from Records** (Doc. 37) and Defendant's response (Doc. 39).[2]  A hearing on these and other matters was conducted on June 7, 2007.

By their first motion (Doc. 19), Plaintiffs seek an order striking Defendant's general and specific objections to their Interrogatories and Request to Produce and compelling Defendant to provide complete responses and production to the same.  In particular, Plaintiffs

---

[1] The court previously deferred ruling on this motion pending consideration of supplemental responses Defendant provided to the court at the hearing. See (Doc. 34).

[2] Also before the court is **Plaintiffs' Motion to Remove Confidential Designation from Records, Motion for Leave to File Disputed Documents Under Seal** (Doc. 27) and Defendant's response (Doc. 31).  The motion (Doc. 27) is **GRANTED in part** and **DENIED in part**.  To the extent the motion sought leave to file documents under seal, the motion is granted *nunc pro tunc*.  In all other aspects, the motion is denied as moot.

seek better responses to Interrogatory Nos. 2, 4, 6, 7, and 8, and Request Nos. 1-6 and 9-15, and they argue that Defendant's general objections are improper. Defendant counters that its objections are proper, and it argues that Plaintiffs are not entitled to discovery on all joint-replacement bearing surfaces and other lawsuits involving other joint-replacement products because Plaintiffs have not established substantial similarity. At arguments, Defendant urged that its supplemental responses have resolved much of the dispute.

Upon review of the pleadings and Defendant's supplemental responses, Plaintiffs' motion (Doc. 19) is **GRANTED in part** and **DENIED in part**. As discussed at the hearing, a portion of this dispute occurred because of the manner in which Plaintiffs identified the device at issue. If they have not yet done so, counsel for the parties shall agree on an appropriate designation of the device at issue for all further discovery purposes. Counsel shall also attempt to agree on an appropriate temporal scope for the discovery in this cause. If they are unable to agree, the matter should be submitted to the court for further consideration. To the extent that Defendant is capable of doing so at present and has not otherwise already provided this information, it shall answer with specificity Interrogatory Nos. 2 and 4. These responses shall thereafter be seasonably supplemented where appropriate. The motion is also granted as to Interrogatory No. 7 as the court previously ordered Defendant to supplement its response to this interrogatory. Defendant shall include any additional lawsuits wherein the allegation was expressly made that its polyethylene joint-replacement device was defective as a result of being sterilized using gamma radiation in air. The court agrees with the Defendant that Interrogatory No. 6 is overbroad and unduly burdensome, and this aspect of Plaintiffs'

motion is denied.[3]  As for Interrogatory No. 8, it appears that it will be satisfied by the production agreed to in Defendant's supplemental response.

Insofar as the motion relates to the requests for production, by its supplemental response Defendant states that it while it preserves certain objections to the requests, it will produce responsive, nonprivileged information or documents for each of the Request Nos. 1 through 12.  Accepting that such production has or will be made, the motion is denied without prejudice as to these requests.  As for Request Nos. 13 through 15, the motion is granted in part.  After, identifying the litigation as directed by this order, Defendant shall, to the extent such matters are within its care, custody or control, produce or make available for copying at Plaintiffs' expense any expert deposition testimony or expert report addressing whether its polyethylene joint-replacement device was/is defective or not, and any employee deposition testimony to the same effect.

The interrogatory responses ordered herein shall be made within twenty (20) days. Production required herein shall be made within thirty (30) days or as otherwise agreed to by the parties.  In any other respects, the motion is denied

By their next motion (Doc. 37), Plaintiffs seek an order directing Defendant to remove its designation of "confidential" placed on document nos. 793-96 (the "Hawkins Memo") and 124-25, 417, 503-06, 519-20, 910-14, 1132-55, 1363-67, and 1371 (alleged internal sales and marketing information).  By Plaintiffs' allegations, these documents should not be protected as confidential because Defendant has not shown what specific harms will

---

[3] Obviously, some matters sought by this interrogatory are appropriate for discovery. Counsel should confer on the appropriate scope and manner of providing such discovery.

result without the "confidential" designation, certain of the information has been published, and Defendant fails to establish that the documents contain either trade secrets or confidential research, development, or commercial information. Defendant counters that the confidentiality of these documents should be maintained because the documents contain proprietary and trade secret information including sensitive internal sales and marketing information and internal research performed by a Zimmer scientist. (Doc. 39).

After conducting an *in camera* review of the documents, the court finds that Defendant has not carried its burden of establishing that any of these documents reflect trade secrets or other such information requiring that they be subject to the confidential designation under the Protective Order. As suggested by Plaintiffs, much, if not all, of the information in these matters has been publicly disseminated in the same or similar form or otherwise made available to third parties, such as distributors, physicians or customers and is likely of historic value only. Other than general claims of business harm, Defendant makes no specific showing that removal of the "confidential" label will prejudice it in any way. Accordingly, **Plaintiffs' Amended Motion to Remove Confidential Designation from Records** (Doc. 37) is **GRANTED** and the "confidential" designation as to these documents is lifted.

**Done and Ordered** in Tampa, Florida, this 10th day of July 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record